UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ACADEMY ORTHOTIC AND PROSTHETIC :
ASSOCIATES IPA, INC. and ACADACARE, LLC, :
: Case No. 19-cv-10203 (JPO)
Plaintiffs, :
:
v. :
: **STIPULATED**
: **CONFIDENTIALITY**
FITANGO HEALTH INC, DOV BIRAN and : **AGREEMENT AND**
CHRISTINA VORVIS, : **PROTECTIVE ORDER**
Defendants. :
:
------------------------------------------------------------------- x

J. PAUL OETKEN, District Judge:

    WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action (the "Action");

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any Producing Party (as defined below) may designate Documents produced, or Testimony given, in connection with this Action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if the Producing Party determines in good faith that such Documents or Testimony contain trade secrets, proprietary business information, sensitive information, or other information the disclosure of which would, in the good faith judgment of the Producing Party designating the material as confidential, be detrimental to the conduct of that party's business, operations, functions, or well-being or the business, operations, functions or well-being of any of that party's students, customers, clients, or members.  Confidential Information shall further include sensitive patent, trademark, copyright, trade secret information, password-protected software, product testing, or any other confidential technical or non-technical information or know-how within the meaning of Federal Rule of Civil Procedure ("FRCP") 26(c)(1)(G). Confidential Information also shall include protected health information ("PHI"), as that term is defined in the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA") and the regulations issued by the United States Department of Health and Human Services implementing HIPAA and related statutes.

(b) "Highly Confidential – Attorneys' Eyes Only" means Confidential Information that is particularly sensitive, private, or competitively valuable, including without limitation financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sales margins; material related to ownership or control of any non-public company; competitive technical information, including technical analyses or comparisons of competitor's products or services; computer code; competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; sensitive business information of third parties), trade secrets, or other competitively sensitive information about future business, product, strategic plans, projected sales, or new products. Highly Confidential Information is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Information.

(c) All information produced in this litigation designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (pursuant to Paragraphs 3(a)-(b)) shall be used solely in connection with and for purposes of this

litigation.  Any use of such information that is outside of this strict scope of use shall be a violation of this Order.

(d) "Producing Party" shall mean the parties to this Action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(e) "Receiving Party" shall mean the parties to this Action and/or any non-party receiving Confidential Information in connection with depositions, document production, subpoenas, or otherwise.

(f) "Independent experts or consultants" shall mean individuals retained by a party for purposes related to prosecution or defense of the Action but who are not current or former employees, officers, members, directors, or partners of any party, affiliates of any party, or the attorneys of any party or its affiliates, or competitors to any party, or employees or consultants of such competitors with respect to the subject matter of the proceeding.

(g) "Non-Parties" collectively means any persons, partnerships, corporations, associations, or other legal entities not named as a Party to this Action.  Each is individually a "Non-Party."

(h) "Nonparty witnesses" shall mean any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

4.	The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request to declassify, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.  Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information under the definition in this Order.

5.	Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information shall not be furnished, shown or disclosed to any Nonparty except to:

>	(a)	Plaintiffs or Defendants, and personnel of Plaintiffs or Defendants actually engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

>	(b)	counsel for the Parties to this Action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   (c) Independent Experts or Consultants provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

   (d) the Court and Court personnel;

   (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

   (f) deposition, hearing and trial witnesses, if furnished, shown or disclosed in accordance with paragraph 10 hereof; and

   (g) any other person agreed to by the parties strictly for purposes of this Action.

  6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.

  7. Before any disclosure of Confidential Information is made to an Independent Expert or Consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall procure the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

  8. Responses to interrogatories under FRCP 33 and requests for admissions under FRCP 36 (whether in a paper or electronic form) and which the responding party reasonably

believes to contain protected information shall be prominently stamped or marked with the appropriate designation from paragraph 3.

9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, the deposition, hearing or trial shall be classified appropriately.

10. Any documents (including briefs), tangible things or information designated as Confidential or Highly Confidential – Attorneys' Eyes Only that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial must be filed in accordance with this Court's procedures regarding same.

11. This Stipulation shall not preclude counsel for the parties from using during any deposition, hearing or trial in this Action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

12. A party may designate as Confidential Information or Highly Confidential – Attorneys' Eyes Only subject to this Stipulation any document, information, or testimony

produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. In the case of testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

13. Any person receiving Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14. Any document or information that may contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Excerpts, summaries, abstracts or other documents that paraphrase, excerpt or contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. Access to Highly Confidential – Attorneys' Eyes Only Information produced under the protection of this Order shall be limited to Persons identified in Paragraphs 5(b)-(d) hereof provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 of this Order.

17. The production or disclosure of Confidential Information or Highly Confidential - Attorneys' Eyes Only Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

18. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate.

19. The inclusion of any "Inadvertently Produced Document" in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

> (a) An Inadvertently Produced Document is a document produced to or by a party in this Action that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, PHI, or other applicable privilege.
>
> (b) A Producing Party may demand the return of any Inadvertently Produced Document, which demand shall be made to the Receiving Party's counsel

in writing and shall contain information sufficient to identify the Inadvertently Produced Document.  Within five (5) business days of the demand for the Inadvertently Produced Document, the Producing Party shall provide the Receiving Party with a privilege log for such document, setting forth the basis for the claim of privilege for the Inadvertently Produced Document.  In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the Producing Party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the Producing Party believes is subject to a claim of privilege.

(c)     Upon receipt of a written demand for return of an Inadvertently Produced Document, the Receiving Party shall return the Inadvertently Produced Document (and any copies thereof) to the Producing Party, shall delete all electronic versions of the document, and shall obtain any copies of Inadvertently Produced Document given to counsel's clients.

(d)     The Receiving Party may object to the Producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document.  Any such objection shall be resolved by the Court after an in camera review of the Inadvertently Produced Document.

20. Any party that knowingly violates the terms of this Stipulation will be liable for the reasonable attorneys' fees of any other party incurred by that other party in seeking to remedy that violation.

21. This Stipulation shall continue to be binding after the conclusion of this Action except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any portion of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. Within one hundred twenty (120) days after the final termination of this Action by settlement or exhaustion of all appeals, all parties will make commercially-reasonable efforts to destroy all Confidential Information produced or designated and all reproductions thereof.  Each party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken commercially-reasonable efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition, hearing and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

24. This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. This Court's jurisdiction over the parties and their attorneys ends when this Action is terminated.

26. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: New York, New York
February 16, 2021

| SCHLAM STONE & DOLAN LLP | PEARL COHEN ZEDEK LATZER BARATZ LLP |
|---|---|
| By: /s/ <br> Samuel L. Butt <br> Jeffrey M. Eilender <br> Niall O'Murchadha <br> 26 Broadway <br> New York, NY 10004 <br> (212) 344-5400 <br> jeilender@schlamstone.com <br> sbutt@schlamstone.com <br> nomurchada@schlamstone.com <br> *Attorneys for Plaintiffs Academy Orthotic & Prosthetic Assocs. IPA, Inc. and Acadacare, LLC* | By: /s/ Sarah Benowich <br> Sarah Benowich <br> Guy Yonay <br> Veronica Mullally-Muñoz <br> 7 Times Square <br> New York, NY 10036 <br> Telephone: (646) 878-0800 <br> Facsimile: (646) 878-0801 <br> GYonay@PearlCohen.com <br> VMunoz@PearlCohen.com <br> SBenowich@PearlCohen.com <br> *Attorneys for Defendants Fitango Health Inc., Dov Biran, and Christina Vorvis* |

SO ORDERED,

February 17, 2021

_____
J. PAUL OETKEN
United States District Judge

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ACADEMY ORTHOTIC AND PROSTHETIC    :
ASSOCIATES IPA, INC. and ACADACARE, LLC,    :
                                                                           :   Case No. 19-cv-10203 (JPO)
                    Plaintiffs,                                        :
                                                                           :
            v.                                                         :
                                                                           :   **AGREEMENT WITH RESPECT**
FITANGO HEALTH INC, DOV BIRAN and   :   **TO CONFIDENTIAL**
CHRISTINA VORVIS,                               :   **MATERIAL**
                                                                           :
                    Defendants.                                   :
                                                                           :
------------------------------------------------------------------- x

I, _____, state that:

1.  My address is _____.

2.  My present occupation or job description is _____.

3.  I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled Action on _____.

4.  I have carefully read and understand the provisions of the Stipulation.

5.  I will comply with all of the provisions of the Stipulation.

6.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any Confidential Information that is disclosed to me.

13

7. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Action.

Dated:

_____